UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

KEVIN KING,
      Petitioner

vs. : CIVIL NO. 1:CV-16-0218

PA BOARD OF PROB. & PAROLE, *et al.*, : (Judge Caldwell)

      Respondents

*M E M O R A N D U M*

I. *Introduction*

Kevin King, a state prisoner, presently housed at the Dallas State Correctional Institution (SCI-Dallas), in Dallas, Pennsylvania, filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In the Petition, he claims the Pennsylvania Board of Probation and Parole (the Board) has "denied [him] Due Process of Law, in that he has a liberty interest under the 14th Amendment to be paroled on his minimum term." (ECF No. 1, Pet., p. 5). As relief, he seeks his immediate release on parole. (*Id.*, p. 14).

We have jurisdiction under section 2254 to entertain constitutional challenges to parole decisions, *see* 28 U.S.C. § 2254(a); *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001), but for the reasons that follow, the Petition will be summarily denied.

II. *Background*

King alleges the following. He was convicted on August 1, 2007, in the Court of Common Pleas of Luzerne County, Pennsylvania, on two counts of Aggravated Assault, Recklessly Endangering Another Person, and Firearms not to be Carried without a License. (ECF No. 1, p. 1). On September 4, 2007, he was sentenced to nine to eighteen years of imprisonment. (*Id.*)

King completed various institutional programs while serving his nine-year minimum. (ECF No. 2, Mem. in Supp. of Pet., p. 3). He also managed to remain misconduct free. (*Id.*) On July 31, 2015, he was scheduled to see the Board. At his parole hearing, he expressed genuine remorse for his crime. The Luzerne County District Attorney's Office failed to respond to the Board's inquiry as to whether it objected to King's receiving parole. (*Id.*, p. 4). King was denied parole.

The Board issued a decision on August 31, 2015. (*Id.*) The Board noted the following reasons for denying King parole:

> \* Need to participate in additional institutional programs;
> \* The risk and needs assessment indicating your level of risk to the community.
> \* Reports, evaluations and assessments/level of risk indicates your risk to the community.
> \* Minimization/denial of the nature and circumstances of the offense(s) committed.
> \* The refusal to accept responsibility for the offense(s) committed.
> \* The lack of remorse for the offense(s) committed.
> \* To be reviewed in or after August 2017.
> \* At the next interview, the Board will review the file and consider whether Plaintiff have (sic) successfully participated in/successfully completed a treatment program for Batterer's Intervention and violence prevention.

(*Id.*)  King completed a High Intensity Violence Prevention program on April 9, 2014, and was enrolled in a Batterer's Intervention at the time of his parole hearing, which he later completed.  (*Id.*, p. 5).

King argues that he, as a Pennsylvania prisoner, has a right to parole at the expiration of his minimum sentence and the Board overstepped its authority by denying him parole.  (*Id.*, p. 15).

III.    *Discussion*

Habeas corpus petition are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. 2254.  Rule 4 provides, in pertinent part, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Pursuant to Rule 4 preliminary review, a petition may be dismissed without requiring an answer "'when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself.'"  *Gorko v. Holt*, No. 4-CV-5956, 2005 WL 1138479, at *1 (M.D. Pa. May 13, 2005)(quoting *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)).  "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  *McFarland v. Scott*, 512 U.S. 849, 856, 114 S.Ct. 2568, 2572, 129 L.Ed.2d 666 (1994).

The granting of parole before the expiration of a prisoner's maximum term is not a liberty interest under the Due Process Clause. *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 7, 99 S.Ct. 2100, 2104, 60 L.Ed.2d 668 (1979); *Newman v. Beard*, 617 F.3d 775 (3d Cir. 2010). Likewise, Pennsylvania state law does not create a liberty interest for state inmates to be released prior to the expiration of a valid sentence that is protected by federal due process. *Burkett v. Love*, 89 F.3d 135, 139 (3d Cir. 1996)(parole is not a constitutionally protected liberty interest under Pennsylvania law); *Rogers v. Pa. Bd. of Prob. & Parole*, 555 Pa. 285, 292, 724 A.2d 319, 323 (Pa. 1999)("parole is a matter of grace and mercy shown to a prisoner who has demonstrated to the Parole Board's satisfaction his future ability to function as a law-abiding member of society upon release before the expiration of the prisoner's maximum sentence."); *see also Weaver v. Pa. Bd. of Prob. & Parole*, 688 A.2d 766, 770 (Pa. Commw. Ct. 1997)(under Pennsylvania law, parole is a favor, and the prisoner has no protected liberty interest in being released before a legitimately imposed sentence has expired.) Thus, absent the creation of a liberty interest in parole, a state's decision to deny parole does not create any procedural due process protections.

The authority to grant parole under Pennsylvania law is vested solely in the Board. *See* 61 PA. CON. STAT. ANN. § 6135. As such, the Board is required to consider the nature and character of the offense(s), the general character and history of the prisoner, the written or personal statement or testimony of the victim or victim's family, and the recommendations o f the trial judge, the district attorney and each warden or

superintendent who has had control over the applicant. *See* 61 PA. CON. STAT. ANN. § 6135.

Although a parole-eligible Pennsylvania inmate has no protected liberty interest in parole that implicates procedural due process, the Third Circuit recognizes that parole cannot be denied on constitutionally impermissible grounds. *See Burkett*, 89 F.3d at 139-40. For instance, the Board may not arbitrarily deny parole on the basis of race, religion, the exercise of free speech, or on criteria with no rational relationship to the purpose of parole. *Block v. Porter*, 631 F.2d 233, 236-37 (3d Cir. 1980). "When the Parole Board bases its decision on factors that bear no rational relationship to rehabilitation or deterrence, it transgresses the legitimate bounds of its discretion." *Id.* at 637. The relevant level of arbitrariness required is not merely action that is unreasonable, but rather, something more egregious, "action that shocks the conscience." *Goodman v. McVey*, 428 F. App'x 125 (3d Cir. 2011) (nonprecedential)(citing *Kaucher v. Cnty. of Bucks*, 455 F.3d 418, 425 (3d Cir. 2006)). The "official conduct most likely to rise to the conscience-shocking level is the conduct intended to injure in some way unjustifiable by any government test." *Chavez v. Martinez*, 538 U.S. 760, 775, 123 S.Ct. 1994, 2005, 155 L.Ed.2d 984 (2003). Finally, the Third Circuit has stressed that "federal courts are not authorized by the due process clause to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision." *Coady v. Vaughn*, 251 F.3d 480, 487 (3d Cir. 2001); *see also Newman*, 617

F.3d at 782 ("The conduct must be intended to injure in some way unjustifiable by any government interest[.]") (internal quotations and citations omitted).

Here, King argues that the Board violated his due process rights by not releasing him on parole at the expiration of his minimum sentence. He suggests the Board's action overrides his state-created liberty interest in parole. He is mistaken as the Board has full authority to grant or deny him parole. *See* 61 PA. CON. STAT. ANN. § 6135. King concedes he is serving a nine-to-eighteen-year sentence that has not yet expired. Parole prior to the expiration of his maximum term, eighteen years, is not mandated by the Constitution or state law.

To the extent King argues that the Board's decision to deny him parole was arbitrary and capricious, such a claim is equally meritless. While King may disagree with the Board's rationale for denying him parole, especially in light of his misconduct-free incarceration and institutional programming, he does not identify what arbitrary or constitutionally impermissible reasons he believes the Board considered in denying him parole. Instead, his argument is strictly based on his belief that he has satisfactorily fulfilled all of the Board's prerequisites/demands for parole (i.e., acceptance of responsibility for offenses committed; genuine remorse; completion of specific programming such as High Intensity Violence Prevention and Batterer's Intervention), and yet was denied parole. The fact that King argues that he personally believes he has/had fulfilled the Board's requirements for parole does not make its denial of parole improper.

Moreover, it cannot be disputed, based on King's presentation of the facts, that there was "some basis" for the Board's decision to refuse him parole. King lists the reasons given by the Board for denying him parole. The court cannot find that the Board's stated reasons for denying King parole were not rationally related to the legitimate interests of the Commonwealth or inconsistent with the legitimate factors established by the Pennsylvania legislature. (ECF No. 2, p. 4).

Based on the above, the court will deny King's Petition alleging that the Board violated his due process rights by denial of parole at the expiration of his minimum sentence.

IV. *Conclusion*

We will issue an order denying the section 2254 petition. The order will also deny a certificate of appealability, based on the analysis in this memorandum. However, King is advised that he has the right for thirty (30) days to appeal our order denying his 2254 petition, *see* 28 U.S.C. § 2253(a); Fed. R. App. P. 4(a)(1)(A), and that our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the court of appeals. *See* Fed. R. App. 22; Local Rule of Appellate Procedure 22.1.

We will issue an appropriate order.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: April 20, 2017